UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20529-CR-BLOOM/ELFENBEIN**
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

ROMAN SINYAVSKY,

Defendant.
_____/

FILED BY ___OG___ D.C.
Dec 4, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## INFORMATION

The United States charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

*Relevant Statutes and Executive Orders*

1.  The International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq.*, conferred upon the President of the United States the authority to deal with unusual and extraordinary threats to the nation's national security and foreign policy. Under IEEPA, "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this chapter." 50 U.S.C. § 1705(a).

2.  In 2014, pursuant to his authorities under IEEPA, the President issued Executive Order ("E.O.") 13660, which declared a national emergency regarding the Crimea region of Ukraine. E.O. 13660 (Mar. 6, 2014), 79 Fed. Reg. 13,493 (Mar. 10, 2014). The national emergency declared in E.O. 13660 regarding the situation in Ukraine has remained in continuous effect since 2014 and was most recently continued for another year commencing March 4, 2024.

3. On multiple occasions, the President expanded the scope of the national emergency declared in E.O. 13660, including through E.O. 13661, E.O. 13662, and E.O. 13685. To implement these Executive Orders, the Department of the Treasury's Office of Foreign Assets Control ("OFAC") issued the Ukraine-Related Sanctions Regulations, 79 Fed. Reg. 26,365-26,373 (May 8, 2014) (codified at 31 C.F.R. Part 589), which were later reissued and renamed the Ukraine-/Russia-Related Sanctions Regulations, 7 Fed. Reg. 26,094-26,119 (May 2, 2022).

4. Relevant here, on December 19, 2014, pursuant to his authorities under IEEPA, the President issued E.O. 13685, which authorized the Secretary of the Treasury, in consultation with the Secretary of State, to designate persons and block their "property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch)." E.O. 13685 § 2, 79 Fed. Reg. 77,357 (Dec. 24, 2014). Such blocked property "may not be transferred, paid, exported, withdrawn, or otherwise dealt in." *Id.*

5. E.O. 13685 prohibited, among other things, (1) "the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to this order," (2) "the receipt of any contribution or provision of funds, goods, or services from any such person," (3) "[a]ny transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this order," and (4) "[a]ny conspiracy formed to violate any of the prohibitions set forth in this order."

6. The Ukraine-/Russia-Related Sanctions Regulations incorporated by reference the prohibited transactions set forth in E.O. 13685. 31 C.F.R. § 589.201. The regulations also provided that the names of persons designated by E.O. 13685, whose property and interests are

2

therefore blocked, are published in the Federal Register and incorporated into OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List"), which is published on OFAC's website. *Id.* Note 1.

*Relevant Persons*

7. Defendant **ROMAN SINYAVSKY** was a United States citizen and real estate broker. The defendant owned and operated "Real Estate Company-1" in Hallandale, Florida, in the Southern District of Florida.

8. Attorney-1 was a real estate attorney in Aventura, Florida, in the Southern District of Florida.

9. Valeri Vyacheslavovich Abramov, a/k/a Valerii Vyacheslavovich Abramov ("Abramov"), was a Russian national who was designated by OFAC pursuant to E.O. 13685 on January 26, 2018. 83 Fed. Reg. 5,160 (Feb. 5, 2018). Abramov was a client of **ROMAN SINYAVSKY** from at least as early as 2016.

10. Viktor Pavlovich Perevalov, a/k/a Victor Pavlovich Perevalov ("Perevalov"), was a Russian national who was designated by OFAC pursuant to E.O. 13685 on January 26, 2018. 83 Fed. Reg. 5,160 (Feb. 5, 2018). Perevalov and Abramov were colleagues. Perevalov was also a client of **ROMAN SINYAVSKY** from at least as early as 2008.

11. 1616 Collins LLC was a Delaware company formed on or about April 10, 2018.

12. "Bank-1," "Bank-2," and "Bank-3" were U.S. financial institutions insured by the Federal Deposit Insurance Corporation with branches in the Southern District of Florida.

13. 1616 Collins LLC maintained a business account at Bank-2 ending in x7108 ("the 1616 Collins Account").

*Background*

14. On or about August 10, 1998, Abramov and his wife purchased Unit 606 in 2600 Island Boulevard Williams Island, a luxury condominium in Aventura, Florida, in the Southern District of Florida ("Unit 606").

15. On or about February 26, 2008, Perevalov and his wife purchased Units 1616 and 1617 in 10295 Collins Avenue Hotel Condominium, located at One Bal Harbor in Bal Harbour, Florida, in the Southern District of Florida ("Units 1616 & 1617" and together with Unit 606, the "Blocked Properties").

16. On January 26, 2018, OFAC imposed sanctions on Abramov and Perevalov (the "January 2018 Sanctions"). From then on, Abramov's and Perevalov's property and interests in property in the United States were blocked, and U.S. persons were prohibited from, among other things, providing funds, goods, and services to and for the benefit of Abramov and Perevalov without first having obtained the necessary authorization or license from OFAC.

**Conspiracy to Violate IEEPA and to Commit Money Laundering**
**(18 U.S.C. § 371)**

17. From in or around January 2018 through in or around March 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ROMAN SINYAVSKY,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with other persons known and unknown to the United States:

a. to violate the January 2018 Sanctions imposed on Abramov and Perevalov, in violation of IEEPA, Title 50, United States Code, Sections 1705(a) and (c), E.O. 13685, and the

4

Ukraine/Russia-Related Sanctions Regulations, Title 31, Code of Federal Regulations, Section 589.201; and

b. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, a violation of IEEPA, Title 50, United States Code, Sections 1705(a) and (c), knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## PURPOSE OF THE CONSPIRACY

18. It was the purpose of the conspiracy for **ROMAN SINYAVSKY** and his co-conspirators to unjustly enrich themselves by, among other things, (a) violating the January 2018 Sanctions by engaging in prohibited transactions involving the Blocked Properties; (b) sharing in the proceeds generated by these transactions; and (c) laundering the proceeds of these transactions.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **ROMAN SINYAVSKY** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

19. **ROMAN SINYAVSKY** and his co-conspirators agreed to violate the January 2018 Sanctions by engaging in transactions involving the Blocked Properties without authorization or a license from OFAC, and to share in the proceeds generated by these transactions.

20. **ROMAN SINYAVSKY** worked with Attorney-1 to execute deeds to obscure Abramov's and Perevalov's beneficial ownership in the Blocked Properties.

21. **ROMAN SINYAVSKY** misrepresented to others the true owners of the Blocked Properties.

5

22. **ROMAN SINYAVSKY** engaged in the maintenance, transfer, sale, and lease of the Blocked Properties.

23. **ROMAN SINYAVSKY** collected, shared, and laundered the proceeds generated by the violations of the January 2018 Sanctions.

24. **ROMAN SINYAVSKY** used proceeds generated from his management of Units 1616 & 1617 to pay the units' maintenance fees, condominium association fees, and utility bills.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purposes thereof, **ROMAN SINYAVSKY** and his co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about April 10, 2018, **ROMAN SINYAVSKY** caused Attorney-1's law firm in the Southern District of Florida to form 1616 Collins LLC to be used to hold Perevalov's interests in Units 1616 & 1617 instead of in his own name.

2. On or about May 27, 2018, in the Southern District of Florida, **ROMAN SINYAVSKY** misrepresented to a real estate agent for a potential buyer of Unit 606 that Abramov's wife was the unit's sole owner.

3. On or about June 6, 2018, **ROMAN SINYAVSKY** caused the prohibited transfer of Abramov's ownership interest in Unit 606 to Abramov's wife.

4. On or about June 14, 2018, **ROMAN SINYAVSKY** caused the prohibited transfer of Perevalov's ownership interest in Units 1616 & 1617 to 1616 Collins LLC.

5. On or about October 22, 2018, **ROMAN SINYAVSKY** caused Attorney-1's law firm to pay a documentary stamp tax of $8,400 to record the deed transferring Units 1616 & 1617 to 1616 Collins LLC.

6. On or about March 4, 2019, in connection with a pending sale of Unit 606, **ROMAN SINYAVSKY** falsely informed a closing agent for the sale that he had only recently learned that Abramov was subject to the January 2018 Sanctions.

7. On or about March 19, 2019, in the Southern District of Florida, **ROMAN SINYAVSKY** caused the sale of Unit 606 to two U.S. persons for approximately $1.23 million.

8. On or about April 1, 2019, in the Southern District of Florida, **ROMAN SINYAVSKY** received $56,649.65 in proceeds from the sale of Unit 606.

9. On or about April 1, 2019, in the Southern District of Florida, **ROMAN SINYAVSKY** received an additional $64,720.80 in proceeds from the sale of Unit 606.

10. On or about October 28, 2019, **ROMAN SINYAVSKY** deposited a $15,000 check consisting of rental proceeds from Units 1616 & 1617 into the 1616 Collins Account in the Southern District of Florida.

11. On or about December 23, 2019, **ROMAN SINYAVSKY** deposited a $16,000 check consisting of rental proceeds from Units 1616 & 1617 into the 1616 Collins Account in the Southern District of Florida.

12. On or about June 14, 2021, **ROMAN SINYAVSKY** deposited a check for $9,000 consisting of rental proceeds of Units 1616 & 1617 into the 1616 Collins Account.

13. On or about June 14, 2021, **ROMAN SINYAVSKY** deposited a check for $8,500 consisting of rental proceeds of Units 1616 & 1617 into the 1616 Collins Account.

14. On or about June 24, 2021, **ROMAN SINYAVSKY** deposited a check for $6,000 consisting of rental proceeds of Units 1616 & 1617 into the 1616 Collins Account.

15. On or about January 3, 2022, **ROMAN SINYAVSKY** used rental proceeds of Units 1616 & 1617 to pay electronically $2,698.99 from the 1616 Collins Account to Bank-3 account ending in x0285 for the maintenance of Units 1616 & 1617.

16. On or about January 3, 2022, **ROMAN SINYAVSKY** used rental proceeds of Units 1616 & 1617 to pay a $511.30 condominium association fee for Units 1616 & 1617.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ROMAN SINYAVSKY**, has an interest.

2. Upon conviction of a conspiracy to violate Title 50, United States Code, Section 1705 and Title 18, United States Code, Section 1956(a)(1)(A)(i), as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following: a forfeiture money judgment in the amount of at least $182,442.45 which represents traceable proceeds obtained by defendant.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

 All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set

*[Space intentionally left blank]*

forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

_____
JENNIFER KENNEDY GELLIE
ACTING CHIEF, COUNTERINTELLIGENCE
AND EXPORT CONTROL SECTION
NATIONAL SECURITY DIVISION
U.S. DEPARTMENT OF JUSTICE

_____
JOSHUA E. KURLAND
TRIAL ATTORNEY

_____
MARGARET A. MOESER
CHIEF, MONEY LAUNDERING
AND ASSET RECOVERY SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_____
SINAN KALAYOGLU
LINDSAY GORMAN
OLEKSANDRA JOHNSON
TRIAL ATTORNEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ROMAN SINYAVSKY

_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Russian
4. This case will take _____ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? Yes

By: _____
Eli S. Rubin
Assistant United States Attorney
SDFL Court ID No.  A5502535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>ROMAN SINYAVSKY</u>

**Case No**:<u>                                                                                           </u>

Count #: 1

<u>Conspiracy to Violate IEEPA and Commit Money Laundering</u>

<u>Title 18, United States Code, Section 371</u>

* Max. Term of Imprisonment: Five (5) Years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: Three (3) Years
* <u>Max. Fine:  $250,000 or twice the amount of the financial gain or loss.</u>

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the

|  |  |
|---|---|
| United States of America | ) |
| v. | ) Case No. |
| ROMAN SINYAVSKY | ) |
| _Defendant_ | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Barbara Llanes
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_